UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-650 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ARLINGTON WEST TWILIGHT HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Arlington West Twilight Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 21). Plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 22), to which the HOA replied (ECF No. 30).

Also before the court is the HOA's motion to dismiss the crossclaims filed by defendant/crossclaimant Thomas Jessup, LLC, Series IV ("Jessup IV"). (ECF No. 27). Jessup IV filed a response (ECF No. 31), to which the HOA replied (ECF No. 32).

**I.    Facts**

This case involves a dispute over real property located at 9179 Smugglers Beach Court, Las Vegas, Nevada 89178 (the "property").

On March 26, 2008, Roy and Michelle Kinard (the "Kinards") purchased the property by way of a loan from DHI Mortgage Company, LTD. in the amount of $294,956.00, which was secured by a deed of trust recorded on March 31, 2008. (ECF No. 1 at 4). Federal Housing Administration ("FHA") insured the note and deed of trust. (ECF No. 1 at 4). Later, the deed of trust was assigned to BANA via an assignment of deed of trust. (ECF No. 1 at 4).

**James C. Mahan**
**U.S. District Judge**

On October 21, 2010, Alessi & Koenig, LLC ("A&K"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $850.00. (ECF No. 1 at 4). On January 31, 2011, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $1,807.00. (ECF No. 1 at 4–5).

On May 10, 2011, BANA remitted payment to the HOA to satisfy to super-priority amount owed to the HOA. (ECF No. 1 at 5).

On August 14, 2012, A&K recorded a notice of trustee's sale, stating an amount due of $3,256.00 and scheduling the sale for September 12, 2012. (ECF No. 1 at 5). Defendant Thomas Jessup, LLC ("Jessup") purchased the property at the foreclosure sale for $7,350.00. (ECF No. 1 at 6). A trustee's deed upon sale in favor of Jessup was recorded on October 2, 2012. (ECF No. 1 at 6).

Jessup IV acquired the property from Jessup via a quit claim deed recorded on May 31, 2013. (ECF No. 1 at 6).

On March 24, 2016, BANA filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and A&K; (3) wrongful foreclosure against the HOA and A&K[1]; and (4) injunctive relief against Jessup IV. (ECF No. 1).

On April 15, 2016, Jessup IV filed an answer and cross/counterclaims, alleging two causes of action: (1) quiet title against all parties; and (2) declaratory relief against BANA. (ECF No. 11).

In the instant motions, the HOA moves to dismiss both BANA's complaint and Jessup IV's crossclaim. (ECF Nos. 21, 27).

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

---

[1] In the complaint, BANA alleges wrongful foreclosure against "NAS." (*See* ECF No. 1 at 13). As the body of the complaint makes allegations against A&K, not NAS, the court will construe the claim as against A&K.

**James C. Mahan
U.S. District Judge**

- 2 -

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

### A. Quiet Title/Declaratory Relief

Count one of BANA's complaint alleges a claim to quiet title/for declaratory relief against all defendants. (ECF No. 1 at 7–12). Similarly, count one of Jessup IV's crossclaim alleges a claim to quiet title. (ECF No. 11).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

The HOA argues that BANA's quiet title claim should be dismissed because it is barred by the statute of limitations. (ECF No. 21 at 5–6). The court disagrees.

Under NRS 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. Nev. Rev. Stat. § 11.070.

The foreclosure sale took place on September 12, 2012. (ECF No. 1 at 6). BANA filed the underlying complaint on March 24, 2016. (ECF No. 1). Thus, BANA's quiet title claim was timely filed within the five-year limitations period set forth in NRS 11.070.

Next, the HOA argues that BANA's quiet title claim should be dismissed for BANA's failure to mediate pursuant to NRS 38.310(2). (ECF No. 21 at 7–8). Similarly, the HOA contends

James C. Mahan
U.S. District Judge

- 4 -

that Jessup IV's quiet title claim should be dismissed for failure to mediate as well. (ECF No. 27).[2] Again, the court disagrees.

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, BANA and Jessup IV seek to quiet title regarding their rights to the property. (ECF Nos. 1, 11). Accordingly, BANA's and Jessup IV's quiet title claims are exempt from the mediation requirement of NRS 38.310.

Next, the HOA argues that BANA failed to state a claim for quiet title and declaratory relief because the foreclosure sale did not violate BANA's due process rights and BANA failed to establish superiority of title. (ECF No. 21 at 11–12). The court disagrees.

This court has previously found that allowing an HOA lien to extinguish a first position deed of trust to be unjust and a violation of due process. *See, e.g.*, *Premier One Holdings, Inc. v. BAC Home Loans Servicing LP*, No. 2:13-CV-895 JCM GWF, 2013 WL 4048573, at *4 (D. Nev.

---

[2] The HOA's motion to dismiss Jessup IV's crossclaim sets forth one argument—that the crossclaim should be dismissed for failure to mediate pursuant to NRS 38.310. (ECF No. 27). Thus, because the motion to dismiss does not make other arguments regarding Jessup IV's crossclaim, the court will not address Jessup IV's crossclaim in other respects.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Aug. 9, 2013). In so finding, this court explained that permitting an HOA lien to wipe out a prior deed of trust contravenes the principles and purpose of a race-notice jurisdiction. *See id.*

Under traditional common law, the rule of competing interests in real property is "first in time, first in right." 11 David A. Thomas, *Thompson on Real Property* § 92.03, at 97 (2008) (citing Ralph W. Aigler, *The Operation of the Recording Acts*, 22 Mich. L. Rev. 405, 406 (1924) ("[F]irst in time was first in right because there was nothing left for the second transferee.")).

As an exception to the harsh common law "first in time, first in right" rule, states enacted recording statutes. To varying degrees, recording statutes protect bona fide purchasers ("BFP") of real property against subsequent adverse claims thereto and provides a mechanism for prior grantees to put subsequent purchasers on notice. *See, e.g.*, *First Nat'l Bank v. Meyers*, 161 P. 929, 931 (Nev. 1916) ("One need but revert to the fact that recordation is for the purpose of giving notice to the world").

A BFP is a person who purchases real property "for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." *Bailey v. Butner*, 176 P.2d 226, 234 (Nev. 1947) (emphasis omitted); *see also Moore v. De Bernardi*, 220 P. 544, 547 (Nev. 1923) ("The decisions are uniform that the bona fide purchaser of a legal title is not affected by any latent equity founded either on a trust, [e]ncumbrance, or otherwise, of which he has no notice, actual or constructive."). Under Nevada law, "bona fide purchaser" means as follows:

> Any purchaser who purchases an estate or interest in any real property in good faith and for valuable consideration and who does not have actual knowledge, constructive notice of, or reasonable cause to know that there exists a defect in, or adverse rights, title or interest to, the real property is a bona fide purchaser.

Nev. Rev. Stat. § 111.180(1).

Typically, recording statutes are classified as "notice," "race," or "race-notice" statutes. "Nevada is a race notice state." *Buhecker v. R.B. Petersen & Sons Constr. Co., Inc.*, 929 P.2d 937, 939 (Nev. 1996) (citing Nev. Rev. Stat. §§ 111.320; 111.325)). Section 111.325 of the NRS provides as follows:

> Every conveyance of real property within this State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded.

Nev. Rev. Stat. § 111.325. Stated differently, a later-obtained interest can prevail over an earlier-obtained interest in Nevada where the later purchaser is a BFP—purchaser for value without notice of the previous interest—who records its interest first.

Because NRS 116.3116, as interpreted by *SFR Investments*, permits the extinguishment of an earlier recorded interest by a later recorded interest, it contravenes the principles and purpose of BFP status and Nevada's recording statute.

In *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, the Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required an HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. --- F.3d ----, No. 15-15233, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). Thus, the HOA's motion to dismiss based on its due process argument fails.

Subsection (1) of NRS 116.3116 gives an HOA a lien on its homeowners' residences for "any assessment levied against that unit or any fines imposed against the unit's owner from the time the . . . assessment or fine becomes due." Nev. Rev. Stat. § 116.3116(1).

Subsection (2) of NRS 116.3116 provides that a first deed of trust has priority over an HOA lien. *See* Nev. Rev. Stat. § 116.3116(2) ("A lien under this section is prior to all other liens and encumbrances on a unit except . . . [a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent.").

However, NRS 116.3116(2) also states that the HOA lien has superpriority status over a first deed of trust "to the extent of the assessments . . . which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . ." Nev. Rev. Stat. § 116.3116(2). The Nevada Supreme Court has explained, in relevant part:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of

**James C. Mahan**
**U.S. District Judge**

> the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust.  The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

*SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014).

The holder of a first deed of trust may pay off the superpriority interest in order to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien.  *See id.* at 414 ("But as a junior lienholder, U.S. Bank could have paid off the HOA lien to avert loss of its security.").

These cases establish BANA's rights in the face of an HOA superpriority lien.  If BANA paid the HOA lien amount in full, as the complaint alleges, defendant's remaining interest is subordinate to BANA's first deed of trust.  Thus, BANA has stated a quiet title claim sufficient to withstand a 12(b)(6) motion to dismiss.

In light of the foregoing, the court will deny the HOA's motions to dismiss (ECF Nos. 21, 27) BANA's and Jessup IV's quiet title claims.

### B. Breach of NRS 116.1113

Count two of BANA's complaint alleges A&K and the HOA violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116. (ECF No. 1 at 12–13).  As relief for count two, BANA seeks damages in the amount of either the property's fair market value or the unpaid principal on the loan as of the date of the HOA sale. (ECF No. 1 at 13).

Because count two is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three years.  *See* Nev. Rev. Stat. § 11.190(3)(a).  The foreclosure sale took place on September 12, 2012.  BANA brought this lawsuit more than three years later, on March 24, 2016.  Therefore, count two is time-barred and the HOA's motion to dismiss will be granted as it relates to this claim.

### C. Wrongful Foreclosure

Count three of BANA's complaint alleges that the foreclosure sale was wrongful because the HOA failed to give proper notice, no default had occurred in the superpriority component of the HOA's lien at the time of the foreclosure sale, and the HOA purchased the property for a

**James C. Mahan**
**U.S. District Judge**

- 8 -

grossly inadequate amount. (ECF No. 1 at 13–14). BANA seeks damages in the amount of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale. (ECF No. 1 at 14).

A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559. A&K's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering count three a claim for damages based on liability created by a statute. Therefore, count three is likewise time-barred under NRS 11.190(3)(a) because it was not brought within three years.

### IV. Conclusion

In sum, the court will grant the HOA's motion to dismiss as to BANA's claims for breach of NRS 116.1113 and wrongful foreclosure, but deny the motion to dismiss as to BANA's quiet title claim. Further, the court will deny the HOA's motion to dismiss Jessup IV's quiet title claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 21) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 27) be, and the same hereby is, DENIED.

DATED January 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**